CASE 49—PETITION ORDINARY—MARCH 23.

# Lyle & Eubank vs. Poynter.

### APPEAL FROM CLARKE CIRCUIT COURT.

A pleading setting up a counter claim, and filed as the answer and cross-petition of the defendants, although signed and verified by a person not a party to the suit, must be regarded as such, and cannot be treated as a mere answer. The allegations of the counter claim, so pleaded, must, for the purposes of the trial, be taken as true.

SIMPSON & SCOTT for appellants.

J. B. HUSTON for appellee.

C. EGINTON on same side.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

Although the answer and cross-petition setting up a counter claim, was signed and verified only by S. B. Eubank, the acceptor, who was no party to the action, yet judging, as this court must, by the record alone, we cannot consider the extraneous suggestion made in the brief of the appellee's counsel, that it was permitted to be filed as an answer only; for with-

out any such qualification or restriction, the record states that it was filed as "the answer *and* petition of the *defendants.*" We are bound by this, and cannot look beyond it. And, so considering the attitude of the case, the judicial consequence is, that the counter claim, apparently well pleaded, was admitted on the trial on the day of the filing without any traverse of its allegations. And, consequently, no testimony admissible under the pleadings could have authorized the verdict. We are not permitted judicially to presume, even in the absence of a bill of exceptions, that the counter claim was either waived or made the subject of proof on the trial. On the contrary, the legal presumption is, that the trial was premature, and without litigating or regarding the counter claim, or considering it as admitted by the pleadings. On the record, therefore, the verdict is apparently unauthorized.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings.